IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SHEILA C. BYNUM-COLEMAN,<br>also known as "SHEILA C. COLEMAN,"<br><br>and<br><br>RASHAD H. COLEMAN,<br><br>       *Defendants*. | Case No. 3:25-cr-44-MHL |

**RESPONSE TO DEFENDANTS' MOTION TO AMEND RELEASE CONDITIONS**

      Defendants Sheila C. Bynum-Coleman and Rashad H. Coleman filed a motion to amend their respective release conditions. ECF No. 26. For the reasons stated below, the government consents to the motion in part and opposes the motion in part.

*I. Background*

      On March 18, 2025, a grand jury indicted both defendants, charging them with: (Count 1) Conspiracy to Commit Bank and Wire Fraud, in violation of 18 U.S.C. § 1349; (Counts 2-10) False Statements on Loan Applications, in violation of 18 U.S.C. §§ 1014 & 2; (Count 11) Engaging in Monetary Transactions in Criminally Derived Property, in violation of 18 U.S.C. §§ 1957 & 2. *See generally* Indictment, ECF No. 3.

      On March 21, 2025, both defendants were arrested and appeared before Magistrate Judge Summer L. Speight for an initial appearance and bond hearing. Because defendant Sheila C. Bynum-Coleman threatened self-harm in statements to law enforcement after her arrest, the government sought her detention. The Court released the defendants on bond conditions, which

1

included among other things a prohibition on the "use and possession of any form of marijuana."

## II. Argument

The government objects to the defendants' use of marijuana on two grounds. *First*, the defendants are going to be required to assist their counsel in preparing their defenses, and their regular use of a mind-altering substance during the pre-trial and trial phases of this case raises obvious concerns about their ability to do so meaningfully, consistently, and completely. These concerns, from the United States' perspective, would also extend to the likelihood of post-conviction litigation. *Second*, considering defendant Bynum-Coleman's recent threats of self-harm on the day of her initial appearance, the United States questions whether permitting her to regularly ingest a mind-altering controlled substance is truly in the best interest of the defendant and these proceedings. Allowing either defendant to introduce marijuana into their shared household adds to the already present risk of danger that Bynum-Coleman will follow through on her threats to harm herself. Pretrial Services opposes allowing either defendant to use marijuana.

The government has no objections to the modification of bond conditions to permit the defendant to discuss the case with each other in the presence of their respective criminal counsel.

Regarding the defendants' proposed travel outside the Eastern District of Virginia, the government defers to Pretrial Services, which is best positioned to make the appropriate risk assessment, balancing the necessity of the travel with risk of flight. In fact, the bond conditions already permit Pretrial Services to grant exceptions to the travel requirement if appropriate and to place necessary safeguards to ensure such travel is undertaken responsibly. The Court should refer the defendants' request to Pretrial Services for disposition.

### III. Conclusion

The United States respectfully requests that the Court: (1) deny the defendants' request to use marijuana before trial; (2) approve the defendants' request to talk about their case with each other in the presence of their respective criminal counsel; and (3) take no action on the defendants' request to travel outside the Eastern District of Virginia, referring the matter for action to Pretrial Services.

Respectfully submitted,

ERIK S. SIEBERT
UNITED STATES ATTORNEY

By:      */s/*
Avi Panth
Virginia Bar No. 92450
Thomas A. Garnett
Virginia Bar No. 86054
Assistant United States Attorneys
United States Attorney's Office
919 East Main St., Suite 1900
Richmond, VA 23219
Phone:  (804) 819-5400
Fax:  (804) 819-7417
Email:  Avishek.Panth@usdoj.gov