IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SHEILA C. BYNUM-COLEMAN,<br>also known as "SHEILA C. COLEMAN,"<br><br>and<br><br>RASHAD H. COLEMAN,<br><br>    *Defendants*. | Case No. 3:25-cr-44-MHL |

STIPULATIONS

The government and the defendants, SHEILA C. BYNUM COLEMAN and RASHAD H. COLEMAN, by undersigned counsel, stipulate and agree to the following:

**Stipulation #1: Business Records and Public Records**

The parties stipulate and agree that the categories of records listed below in numbered paragraphs 1 through 35 are authentic and constitute records of a regularly conducted business activity pursuant to Rule 803(6) of the Federal Rules of Evidence, or records or statements of a public office pursuant to Rule 803(8) of the Federal Rules of Evidence, without requiring further authentication, certification, or testimony of a custodian. The parties stipulate no further proof of foundation, authenticity, or chain of custody is necessary pertaining to the admission of these documents. The parties retain the right to object to the admissibility of these records under any other rule of evidence or constitutional right. The parties further agree that these Stipulations may be marked and admitted as evidence in the case, and that they may be submitted to the jury during its deliberations along with other admitted evidence.

1. Records of Atlantic Union Bank (US-00020869 through US-00024258, US-00020290 through US-00020567, US-00052135 through US-00052164, US-00019835 through US-

00020289, US-00024292 through US-00024300, US-00052958 through US-00052983, US-00051694 through US-00052133, US-00052984 through US-00053011, and US-00071131 through US-00071775);

2. Records of American Express Company (US-00018702 through US-00018927);

3. Records of Ally Bank (US-00018928 through US-00019142);

4. Records of Apex Clearing Corp. (US-00019143 through US-00019170);

5. Records of Continental Finance Company (US-00024344 through US-00024478);

6. Records of Call Federal Credit Union (US-00024480 through US-00024491);

7. Records of Capital One Financial Corporation (US-00024504 through US-00024515, US-00024516 through US-00024641, US-00024646 through US-00025121, and US-00072954 through US-00073060);

8. Records of Carrington Mortgage (US-00069855 through US-00070418);

9. Records of the Chesterfield Commissioner of Revenue (US-00025154 through US-00025311);

10. Records of Citibank, N.A. (US-00053116 through US-00053155);

11. Records of Comcast Corporation (US-00053156 through US-00053157);

12. Records of Credit One Bank (US-00025312 through US-00025480);

13. Records of Discover (US-00025481 through US-00025774 and US-00070965 through US-00071036);

14. Records of Google LLC (US-00053218 through US-00053460 and other produced natives);

15. Records of IMS Yacht (US-00025908 through US-00025925 and US-00025926 through US-00025936);

16. Records of Liberty Mutual Insurance (US-00026034 through US-00029122);

17. Records of National General (US-00029819 through US-00030084);

18. Records of Navy Federal Credit Union (US-00029166 through US-00029171, US-00029370 through US-00029818, US-00029172 through US-00029369, US-00053504 through US-00054165, and US-00054166 through US-00054806);

19. Records of Northwestern Mutual (US-00030085 through US-00030157);

20. Records of PayPal (US-00030158 through US-00030239);

21. Records of PHH Mortgage (US-00072030 through US-00072692);

22. Records of Santander Bank (US-00045227 through US-00045253);

23. Records of Stony Point Fashion Park Mall (US-00045254 through US-00047145);

24. Records of Square, Inc. (US-00025123 through US-00025138);

25. Records of Sutton Bank (US-00051580 through US-00051580);

26. Records of Synchrony Bank (US-00047146 through US-00047409 and US-00070904 through US-00070964);

27. Records of Truist Financial Corp., formerly known as Suntrust Bank (US-00047410 through US-00047421);

28. Records of Verizon (US-00048932 through US-00050933, US-00050934 through US-00051043, and US-00005140 through US-00007213);

29. Records of Virginia Commonwealth University (US-00069794 through US-00069799);

30. Records of Virginia Credit Union (US-00051086 through US-00051179);

31. Records of the Virginia Department of Elections (US-00052173 through US-00052954);

32. Records of Virginia Employment Commission (US-00048698 through US-00048931, US-00051509 through US-00051579, US-00048569 through US-00048651, US-00048652 through US-00048691, and US-00071776 through US-00072029);

33. Records of Virginia National Bank (US-00051181 through US-00051234);

34. Records of Wells Fargo & Company (US-00051420 through US-00051501); and

35. Records of Wix.com Ltd. (US-00051504 through US-00051508).

**Stipulation #2: Authenticity of Other Evidence**

The parties stipulate and agree that the categories of evidence listed below in numbered paragraph 36 is authentic. The parties stipulate no further proof of foundation, authenticity, or chain of custody is necessary pertaining to the admission of this evidence. The parties retain the right to object to the admissibility of this evidence under any other rule of evidence or

constitutional right. The parties further agree that these Stipulations may be marked and admitted as evidence in the case, and that they may be submitted to the jury during its deliberations along with other admitted evidence.

36. Records of the Internal Revenue Service (US-00000854 through US-00001116).

**Stipulation #3: Accounts**

37. At all times from at least February 1, 2020, and continuing through to at least February 7, 2022, defendants Sheila C. Bynum-Coleman and Rashad H. Coleman resided at 9330 Salix Grove Terrace Chesterfield, VA 23832. During part of that time, they lived in Florida, but upon their return to Virginia, the Colemans resided again at 9330 Salix Grove Terrace.

**Stipulation #4: Absence of Records**

38. The parties stipulate and agree that pursuant to Rule 803(7) of the Federal Rules of Evidence, without requiring further authentication, certification, or testimony of a custodian, that there are no records with the Virginia Employment Commission related to any of the following business entities:

    a. Medina House of Fashion;
    b. Sheila Coleman- Realtor;
    c. Rashad Coleman-Handy Man Services;
    d. RH Coleman Enterprises;
    e. Coleman REO Services;
    f. Coleman Property Management; and
    g. Moda Noir.

The parties stipulate no further proof of foundation, authenticity, or chain of custody is necessary pertaining to the admission of the absence of these records. The parties retain the right to object to the admissibility of the fact of the absence of such records under any other rule of evidence or constitutional right.

39. The parties stipulate and agree that pursuant to Rule 803(7) of the Federal Rules of Evidence, without requiring further authentication, certification, or testimony of a custodian, that there is no record with the Internal Revenue Service ("IRS") reflecting that defendant Sheila C. Bynum-Coleman ever filed an IRS Form 1040 (or any associated Schedule C) with the IRS for tax year 2020. The parties stipulate no further proof of foundation, authenticity, or chain of custody is necessary pertaining to the admission of the absence of these records. The parties retain the right to object to the admissibility of the fact of the absence of such records under any other rule of evidence or constitutional right.

40. The parties stipulate and agree that pursuant to Rule 803(7) of the Federal Rules of Evidence, without requiring further authentication, certification, or testimony of a custodian, that there is no record with the Internal Revenue Service ("IRS") reflecting that defendant Rashad H. Coleman ever filed an IRS Form 1040 (or any associated Schedule C) with the IRS for tax year 2020. The parties stipulate no further proof of foundation, authenticity, or chain of custody is necessary pertaining to the admission of the absence of these records. The parties retain the right to object to the admissibility of the fact of the absence of such records under any other rule of evidence or constitutional right.

**Stipulation #5: Financial Institutions and Transactions**

41. The parties hereby stipulate and agree that at all times from at least February 1, 2020, and continuing through to at least February 7, 2022, Atlantic Union Bank and Virginia National Bank were each "financial institutions," as the term "financial institution" is defined in 18 U.S.C. §§ 20, 1344, and 1957. Moreover, Atlantic Union Bank and

Virginia National Bank are each commercial banks and financial institutions, the accounts of which are insured by the Federal Deposit Insurance Corporation.

42. The parties hereby stipulate and agree that at all times from at least February 1, 2020, and continuing through to at least February 7, 2022, Atlantic Union Bank and Virginia National Bank conducted financial transactions that affected interstate and foreign commerce.

**Stipulation #6: Other Business Records**

43. During the investigation that led to this superseding indictment, federal agents and prosecutors requested and received grand jury subpoenas for records from the following entities: (1) Coleman Logistics, LLC; (2) Coleman Property Management; (3) Coleman REO Services, LLC; (4) JC Bynum Construction, LLC; (5) Medina House of Fashion, LLC; (6) Medina House VA, LLC; (7) Moda Noir, LLC; (8) Rashad Coleman Handyman Services; (9) Rashad Coleman Real Estate; (10) Rashad Coleman Trucking, LLC; (11) RH Coleman Enterprises, LLC; (12) Sheila Coleman - Realtor; and (13) Sheila Sold It. The parties stipulate to admission of these subpoenas as Government Exhibits 007a-007m.

44. On March 15, 2022, the government sent these grand jury subpoenas via email to the law firm of Sands Anderson, P.C., which had been retained to represent the various business entities named in the subpoenas. Cullen Seltzer, a lawyer at Sands Anderson, also represented Shelia C. Bynum-Coleman during the investigation. During the investigation, Rashad H. Coleman was represented by another attorney, William J. Dinkin of the law firm of William J. Dinkin, PLC. The parties stipulate that

SColemanGJSDTResponse0000001 - SColemanGJSDTResponse0014987 are documents that Sands Anderson produced to the government in response to those grand jury subpoenas on behalf of the business entities named in the subpoenas. The parties retain the right to object to the admissibility of the records under any rule of evidence or constitutional right.

**Stipulation #7: Submitted to the Jury**

45. The parties further agree that the Stipulations may be marked and admitted as evidence in the case, and that they may be submitted to the jury during its deliberations along with other admitted evidence.

46. The parties enter into these stipulations for the sole purpose of streamlining the presentation of evidence and avoiding the unnecessary consumption of time during trial. The fact that Shelia C. Bynum-Coleman and Rashad H. Coleman entered into these stipulations is in no way an admission of guilt as to the offenses charged in the superseding indictment.

We ask for this:

ERIK S. SIEBERT
United States Attorney

_____
S. Sadiq Gill
Counsel to Sheila C. Bynum-Coleman

_____
Avi Panth
Thomas A. Garnett
Assistant United States Attorneys

_____
Michael C. Moore
Counsel to Rashad H. Coleman