IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> v. <br><br> **SHEILA BYNUM-COLEMAN,** <br> also known as "SHEILA C. COLEMAN," <br><br> **and** <br><br> **RASHAD H. COLEMAN,** <br><br> *Defendants.* | Case No. 3:25-cr-00044-MHL |

**DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OR REFERENCES TO DEFENDANT BYNUM-COLEMAN'S POLITICAL CAMPAIGN OR TRANSFER OF FUNDS THERETO**

COMES NOW the Defendant SHEILA BYNUM-COLEMAN, also known as "SHEILA C. COLEMAN", by and through her undersigned counsel, and respectfully moves this Court, pursuant to Federal Rules of Evidence, for an order *in limine* excluding any and all evidence, testimony, argument, or reference by the Government concerning Defendant BYNUM-COLEMAN'S political campaign and/or candidacy for the Virginia House of Delegates, her political campaign committee ("Friends of Sheila for Delegate"), or the alleged $10,000.00 transfer of PPP loan proceeds to that committee's bank account on or about May 29, 2020 (Superseding Indictment ("SI") ¶ 40). In support of this motion, the defendant states as follows:

**I. INTRODUCTION**

The superseding indictment charges a narrow scheme focused on alleged false statements in specific PPP loan applications (Counts One through Ten) and a single monetary transaction

(Count Eleven), with separate tax non-filing allegations (Counts Twelve and Thirteen). While ¶ 1 notes BYNUM-COLEMAN's candidacy as background, and ¶ 40 references a single transfer as "in furtherance of this conspiracy," no count charges political corruption, a violation of campaign finance law, or misuse of funds for electoral purposes, and no element of any charged offense requires proof that funds were directed to a political campaign. Evidence of candidacy or the campaign transfer is irrelevant to proving the falsity or materiality of application statements and, even if marginally probative of "enrichment" (a non-essential fact), is substantially outweighed by the risks of unfair prejudice and jury confusion, particularly in a district where political scandals evoke strong biases. Only relevant evidence is admissible (Fed. R. Evid. 401–402) and even relevant evidence must be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, or misleading the jury. Fed. R. Evid. 403. Evidence of "other acts" is inadmissible to prove character or propensity. Fed. R. Evid. 404(b). Admission would impermissibly invite conviction based on anti-political sentiment, not proof of elements, violating Defendants' Fifth and Sixth Amendment rights to a fair, impartial trial.

## II. RELEVANT BACKGROUND

The indictment's fraud allegations hinge on purported misrepresentations in nine PPP applications regarding business revenues, operational status as of February 15, 2020, and allegedly fabricated IRS Schedule C forms (SI ¶¶ 24-34, 43). The conspiracy's "purpose" is framed as unjust enrichment via false claims and fictitious entities (SI ¶ 22), but the charged scheme is confined to the application process, not to allegations of post-disbursement diversion to politics. Paragraph 40's isolated reference to the $10,000 transfer appears in the "ways and means" section as an example of "personal spending," yet it is untethered to any element: it neither proves the applications' falsity nor the agreement to defraud banks. The Government may

seek to introduce campaign finance records, testimony from committee officials, or exhibits linking PPP funds to "lavish" campaigning, transforming the trial into a narrative of political graft despite no charging.

### III. ARGUMENT

**A. Evidence of Candidacy and the Campaign Transfer Is Irrelevant to All Counts (Fed. R. Evid. 401, 402)**

Relevance requires evidence making a material fact more or less probable. Fed. R. Evid. 401. None of the charged offenses in the original or superseding indictment require proof that loan proceeds were used to support a political campaign. Whether funds were transferred to a campaign account is immaterial to whether Defendants knowingly made false statements on loan applications or engaged in a particular financial transaction.

BYNUM-COLEMAN's candidacy provides neutral context (SI ¶ 1) but does not bear on application falsity, intent at submission, or the charged transfer's derivation. The $10,000 wire—occurring weeks after the first disbursement (SI ¶ 26)—cannot retroactively falsify prior statements or prove the conspiracy agreement, which predates it (SI ¶ 21). PPP funds' forgivable, broad-use intent during COVID-19 further severs any link to "political misuse." Absent relevance, exclusion under Rule 402 is compelled.

Even construing ¶ 40 as probative of "concealment" (SI ¶ 22), it fails: the transfer was to a disclosed campaign account, not hidden, and candidacy was public knowledge. Uncharged political acts do not "further" bank fraud.

**B. Even If Marginally Relevant, Such Evidence Poses Substantial Danger of Unfair Prejudice and Jury Confusion (Fed. R. Evid. 403)**

Rule 403 excludes where probative value is substantially outweighed by unfair prejudice, confusion, or misleading the jury. Here, portraying BYNUM-COLEMAN—a Black female candidate in a diverse district—as siphoning pandemic relief for political ambition risks visceral juror outrage, evoking stereotypes of corruption and racial/gender bias and inviting guilt by association through implications of "dirty politics".

**C. Improper Propensity Evidence (Rule 404(b))**

Evidence that Defendants transferred funds to a political campaign suggests misconduct outside the scope of the Indictment. Such evidence risks implying that Defendants are generally untrustworthy or abuse public positions of trust, which is impermissible propensity reasoning. Pandemic-era jurors, recalling economic strife, may convict on moral indignation over "campaign cash," diluting focus on elements and necessitating a prejudicial mini-trial on finance laws. No limiting instruction cures this; exclusion preserves impartiality.

**IV. CONCLUSION**

Defendant BYNUM-COLEMAN requests the Court grant this Motion, precluding any reference to BYNUM-COLEMAN's candidacy and/or campaign, the "Friends of Sheila for Delegate" committee, or the May 29, 2020, transfer. This ensures a trial on charged conduct, not uncharged political narrative.

Respectfully submitted this September 18, 2025,

S. SADIQ GILL

BY:

 /s/ S. Sadiq Gill            
S. Sadiq Gill (VSB # 30835)
Durrette, Arkema, Gerson & Gill PC
1111 E. Main Street, 16th Fl.
Richmond, VA 23219
Telephone:    (804) 775-6900

Email: sgill@dagglaw.com
*Counsel for Sheila Bynum-Coleman*