# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

**UNITED STATES OF AMERICA,**

**v.**                                    **Criminal Case No. 3:25-cr-44**

**SHEILA C. BYNUM-COLEMAN,**

**and**

**RASHAD H. COLEMAN,**

**Defendants.**

## ORDER

This matter comes before the Court on Defendants Sheila C. Bynum-Coleman and

Rashad C. Coleman's (collectively, "Defendants") Joint Motion for Leave to File Late Reply

Brief (the "Motion"). (ECF No. 65.) In the Motion, Defendants "move this Court to allow them

to file a late reply brief as to their motion to sever." (ECF No. 65, at 1.)

On August 8, 2025, the Court entered an Amended Scheduling Order, which provided

that the parties' deadline to file motions was September 4, 2025. (ECF No. 53, at 1.) The

Amended Scheduling Order provided that any responses to motions were due within eleven days

of the filing of the motion, and replies were due five days within the filing of responses. (ECF

No. 53, at 1.)

On September 3, 2025, the Court granted Defendants' Joint Motion to Extend Deadline

for Filing Motions. (ECF No. 56.) The Court extended Defendants' deadlines to file motions to

September 18, 2025, and retained the deadlines to file responses and replies outlined in the

Amended Scheduling Order. (ECF No. 56, at 2.)

On September 17, 2025, Defendants filed a motion to sever. (ECF No. 58.) On September 27, 2025, the United States filed a response. (ECF No. 62.) On October 3, 2025, Defendants filed the instant Motion. (ECF No. 65.) Defendants did not file a reply to the United States' response, (ECF No. 62), within five days of the United States' September 27, 2025 filing.

In the instant Motion, Defendants request additional time to file a reply brief because "[c]ounsel for defendant Rashad Coleman was recently and unexpectedly retained on a matter that required his presence in Amherst County all day on September 30 and October 2, 2025. Preparation for the Amherst County matter also consumed substantial time during the period between September 27 and October 2, 2025." (ECF No. 65, at 1.) As a result, counsel for Mr. Coleman "has had insufficient time to prepare a reply brief he anticipates filing jointly with counsel for Shelia Coleman." (ECF No. 65, at 1.) Defendants represent that "counsel for the government has no objection to this request." (ECF No. 65, at 1.)

Defendants filed their untimely reply on October 10, 2025. (ECF No. 66.) The Court may consider the untimely reply "if the party shows good cause." Fed. R. Crim. P. 12(c)(3).[1]

---

[1] Federal Rule of Criminal Procedure 12(c)(3) provides, in relevant part:

(c) Deadline for a Pretrial Motion; Consequences of Not Making a Timely Motion.

\* \* \*

(3) Consequences of Not Making a Timely Motion Under Rule 12(b)(3). If a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely. But a court may consider the defense, objection, or request if the party shows good cause.

Fed. R. Crim. P. 12(c)(3).

Upon due consideration and for good cause shown, the Court GRANTS the Motion. (ECF No. 65.) The Court shall deem Defendants' Reply, (ECF No. 65), timely filed *nunc pro tunc*.

It is SO ORDERED.

Date: 11/17/25
Richmond, Virginia

/s/

M. Hannah Lauck
United States District Judge