IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**UNITED STATES OF AMERICA,**

v.  Criminal Case No. 3:25-cr-44

**SHEILA C. BYNUM-COLEMAN,**

and

**RASHAD H. COLEMAN,**

Defendants.

## ORDER

This matter comes before the Court on Defendants Shelia C. Bynum-Coleman and Rashad H. Coleman's (collectively, "Defendants") Motion to Seal Attachment to Pleading (the "Motion"). (ECF No. 70.) In the Motion, Defendants "move to seal the grand jury transcript . . . filed as an Attachment to their Joint Reply Brief on the Motion to Sever Counts 12 and 13 of the Superseding Indictment." (ECF No. 70, at 1 (citing ECF No. 66).) Defendants request that the transcript be sealed pursuant to Federal Rule of Criminal Procedure 6(e)(2)[1] and the parties'

---

[1] Federal Rule of Criminal Procedure 6(e)(2) provides, in relevant part:

(2) Secrecy.

    (A) No obligation of secrecy may be imposed on any person except in accordance with Rule 6(e)(2)(B).

    (B) Unless these rules provide otherwise, the following persons must not disclose a matter occurring before the grand jury:

        (i) a grand juror;

        (ii) an interpreter;

        (iii) a court reporter;

agreed-upon discovery order. (ECF No. 70, at 1 (citing ECF No. 21).) On December 2, 2025, the United States informed the Court by email that it does not object to Defendants' Motion.

Federal Rule of Criminal Procedure 6(e)(2) establishes the general rule that "matter[s] occurring" before the Grand Jury must remain secret. Fed. R. Crim. P. 6(e)(2)(B). Moreover, the Court "has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Prior to sealing a document, the Court must:

> (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its

---

>> (iv) an operator of a recording device;
>>
>> (v) a person who transcribes recorded testimony;
>>
>> (vi) an attorney for the government; or
>>
>> (vii) a person to whom disclosure is made under Rule 6(e)(3)(A)(ii) or (iii).
>
> (3) Exceptions.
>
>> (A) Disclosure of a grand-jury matter—other than the grand jury's deliberations or any grand juror's vote—may be made to:
>>
>>> (i) an attorney for the government for use in performing that attorney's duty;
>>>
>>> (ii) any government personnel—including those of a state, state subdivision, Indian tribe, or foreign government—that an attorney for the government considers necessary to assist in performing that attorney's duty to enforce federal criminal law; or
>>>
>>> (iii) a person authorized by 18 U.S.C. § 3322.

Fed. R. Crim. P. 6(e)(2).

2

decision to seal the documents and for rejecting the alternatives. *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) (citing *Knight*, 743 F.3d at 235–36). Each of these factors supports sealing of the document listed in Defendants' Motion.

First, Defendants' Motion has provided public notice of the request to seal. It has also allowed interested parties a reasonable opportunity to object. Second, the Court has considered less drastic alternatives to sealing the document and finds that no other alternative will protect the privacy interests at issue here. The attachment to Defendants' previous motion contains a Grand Jury transcript subject to the secrecy provisions of Rule 6(e)(2). The need to protect that information outweighs the public's right to access in this case. *See Ashcraft*, 218 F.3d at 302. Third, because the Court has identified the specific reasons and factual findings supporting its decision to seal the document, the third factor also weighs in favor of granting the Motion.

Pursuant to Rule 6(e)(2), Local Criminal Rule 49, and applying the Court's inherent power to seal, the Court GRANTS the Motion, (ECF No. 70), and DIRECTS the Clerk to file the Attachment to Defendants' Joint Reply Brief on the Motion to Sever Counts 12 and 13 of the Superseding Indictment, (ECF No. 66), under seal. This document SHALL remain under seal until further order of the Court.

It is SO ORDERED.

Date: 12/15/21
Richmond, Virginia

/s/
M. Hannah Lauck
Chief United States District Judge