IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA,

v.    Criminal Case No. 3:25-cr-44

SHEILA C. BYNUM-COLEMAN,

and

RASHAD H. COLEMAN,

Defendants.

## MEMORANDUM ORDER

This matter comes before the Court on Defendants Shelia C. Bynum-Coleman and Rashad H. Coleman's (collectively, "Defendants") Joint Motion to Sever Counts 12 and 13 of the Superseding Indictment (the "Motion"). (ECF No. 58.) In the Motion, Defendants "move this Court to sever Counts 12 and 13 of the [S]uperseding [I]ndictment from Counts 1–11 and direct that Counts 12 and 13 be tried separately." (ECF No. 58, at 1.) Defendants "do not seek severance from each other . . . and have no objection to a joint trial of Counts 12 and 13." (ECF No. 58, at 1 n.1.)

On September 17, 2025, Defendants filed the Motion. (ECF No. 58.) The United States responded, (ECF No. 62), and Defendants replied, (ECF No. 66). This matter is ripe for disposition. For the reasons articulated below, the Court DENIES the Joint Motion to Sever WITHOUT PREJUDICE.

## I. Factual Background

On July 22, 2025, a Grand Jury for the Eastern District of Virginia returned a thirteen-count Superseding Indictment, (ECF No. 40), charging Defendants as follows:

| | |
|---|---|
| **Count 1:** | Charging both Defendants with Conspiracy to Commit Wire and Bank Fraud in violation of 18 U.S.C. § 1349. (ECF No. 40 ¶¶ 20–41.) |
| **Counts 2–10:** | Charging both Defendants with False Statements on Loan Applications in violation of 18 U.S.C. § 1014 & 2. (ECF No. 40 ¶¶ 42–43.) |
| **Count 11:** | Charging both Defendants with Engaging in Monetary Transactions in Criminally Derived Property in violation of 18 U.S.C. § 1957 & 2. (ECF No. 40 ¶¶ 44–47.) |
| **Count 12:** | Charging Sheila C. Bynum-Coleman with Failure to File Internal Revenue Service ("IRS") Form 1040 in violation of 26 U.S.C. § 7203. (ECF No. 40 ¶¶ 48–49.) |
| **Count 13:** | Charging Rashad H. Coleman with Failure to File IRS Form 1040 in violation of 26 U.S.C. § 7203. (ECF No. 40 ¶¶ 50–51.) |

The Superseding Indictment charges that Defendants fraudulently obtained loans from the Paycheck Protection Program ("PPP") and unemployment compensation from the Virginia Employment Commission ("VEC") by submitting false statements in their loan and unemployment applications during the COVID-19 pandemic. (ECF No. 62, at 1–2.) Relevant to the Motion, the United States explains that the Superseding Indictment further charges that Defendants (1) included with their loan applications falsified tax documents to support those applications; and (2) failed to file the same tax documents with the IRS. (ECF No. 62, at 2.)

## II. Standard of Review

### A. Joinder of Offenses Under Federal Rule of Criminal Procedure 8

Federal Rule of Criminal Procedure 8(a) provides that an indictment "may charge a defendant in separate counts with 2 or more offenses" if (1) "the offenses charged . . . are of the same or similar character"; (2) "are based on the same act or transaction"; or, (3) "are connected

with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). The United States Court of Appeals for the Fourth Circuit interprets the second and third prongs of Rule 8(a) "flexibly, requiring that the joined offenses have a 'logical relationship' to one another." *United States v. Cardwell*, 433 F.3d 378, 385 (4th Cir. 2005) (quoting *United States v. Hirschfeld*, 964 F.2d 318, 323 (4th Cir. 1992)). "Such a relationship exists when consideration of discrete counts against the defendant paints an incomplete picture of the defendant's criminal enterprise." *Id.* (citation omitted).

Regardless of the prong under which a party seeks joinder of offenses, Rule 8(a) permits "very broad joinder because of the efficiency in trying the defendant[s] on related counts in the same trial." *Cardwell*, 433 F.3d at 385 (quotation omitted). Indeed, "joinder is the rule rather than the exception." *United States v. Hawkins*, 776 F.3d 200, 206 (4th Cir. 2015) (quotation omitted). "Rule 8(a) is not infinitely elastic," however, because "unrelated charges create the possibility that a defendant will be convicted based on considerations other than the facts of the charged offense." *Id.* (quotation omitted).

### B. Severance of Offenses under Federal Rule of Criminal Procedure 14

Federal Rule of Criminal Procedure 14 further provides that severance of offenses into separate trials may be warranted even if a party satisfies the joinder standard of Rule 8(a). The Court "may order separate trials of counts" if the joinder of offenses "appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a); *see also Cardwell*, 433 F.3d at 387 ("[Rule 14(a)] contemplates that joinder under Rule 8(a) can be proper and, at the same time, severance can be required."). Cases where offenses are properly joined but severance is nevertheless warranted "will be rare." *Cardwell*, 433 F.3d at 387.

3

In order to establish that severance is proper under Rule 14(a), "[t]he party moving for severance must establish that actual prejudice would result from a joint trial, and not merely that a separate trial would offer a better chance of acquittal." *United States v. Reavis*, 48 F.3d 763, 767 (4th Cir. 1995) (quotation omitted). "A key consideration when making this determination is whether evidence is mutually admissible for the respective charges." *United States v. Ruggiero*, No. 4:24-cr-39 (RCY), 2025 WL 2966676, at *3 (E.D. Va. Oct. 20, 2025) (citing *U.S. v. Carmichael*, 685 F.2d 903, 910 (4th Cir. 1982)). There are three sources of prejudice which may justify severance under Rule 14:

> (1) the jury may confuse and cumulate the evidence, and convict the defendant[s] of one or both crimes when it would not convict [them] of either if it could keep the evidence properly segregated;
>
> (2) the defendant[s] may be confounded in presenting defenses, as where [they] desire[] to assert [a] privilege against self-incrimination with respect to one crime but not the other; or
>
> (3) the jury may conclude that the defendant[s] [are] guilty of one crime and then find [them] guilty of the other because of his criminal disposition.

*United States v. Foutz*, 540 F.2d 733, 736 (4th Cir. 1976). "[A]nchoring the Court's analysis is the well-accepted legal principle that limiting jury instructions—not severance—[are] generally the appropriate, 'less restrictive' remedy to ameliorate prejudice." *Ruggiero*, 2025 WL 2966676, at *3 (quoting *United States v. Mir*, 525 F.3d 351, 357–58 (4th Cir. 2008)).

### III. Analysis

Defendants argue that joinder of the tax offenses (Counts 12 and 13) with the fraud offenses (Counts 1–11) is improper: "Trial on the fraud counts will not involve substantially the same facts or participants as the tax counts. . . . Indeed, the Colemans' failure to file tax returns for 2020 is wholly unnecessary to prove the fraud charges." (ECF No. 58, at 7.) If the Court determines that joinder is proper, Defendants contend that the Court should sever the Counts

4

because a joint trial would create a substantial risk of prejudice by allowing the jury to cumulate evidence and by preventing Defendants from testifying as they see fit. (ECF No. 58, at 9–11.)

The United States responds that "the offenses charged . . . are based on the same act or transaction" and that "the offenses charged . . . are connected with or constitute parts of a common scheme or plan." (ECF No. 62, at 6 (quoting Fed. R. Crim. P. 8(a)).) According to the United States, Defendants' non-filing of their tax documents in 2020 establishes "that the tax documentation appended to [D]efendants' PPP applications were actual false statements[,] and . . . that [D]efendants knew of the falsity of these PPP submittals." (ECF No. 62, at 6.) The United States argues that joinder of the Counts would not create a risk of unfair prejudice to Defendants because "[t]he fraud and tax counts, despite being intertwined and related, are, nevertheless, distinct offenses . . . that the jury can easily segregate in their deliberations," especially given the Court's ability to issue a limiting instruction. (ECF No. 62, at 10.)

The Court DENIES the Motion WITHOUT PREJUDICE. There is a logical connection between the Counts justifying joinder under Rule 8(a), and joinder poses no substantial risk of prejudice to Defendants under Rule 14(a).

### A. Joinder is Appropriate Because the Offenses are Based on the Same Act or Transaction

Defendants argue that joinder of the tax and fraud Counts is inappropriate because these Counts are not "based on the same act or transaction." (ECF No. 58, at 6–9 (quoting Fed. R. Crim. P. 8(a)).) The United States responds that these Counts are logically connected because Defendants' failure to file their 2020 tax documents establishes the elements of both the tax and fraud Counts:

> [D]efendants' non-filing of 2020 IRS Form 1040 with the IRS provides the logical contrast with which to establish at least two separate elements for which the government carries the burden of proof on the fraud counts: (1) that the tax

5

documentation appended to [D]efendants' PPP applications were actual false statements; and (2) that [D]efendants knew of the falsity of these PPP submittals. This same non-filing of the exact same documents . . . is the gravamen of the tax counts.

(ECF No. 62, at 6.) Defendants insist that proof of their "failure to file tax returns for 2020 is wholly unnecessary to prove the fraud charges."[1] (ECF No. 58, at 7). But the United States has demonstrated a clear overlap between the Counts, such that a logical connection exists between them. Joinder of the Counts is therefore appropriate. *See United States v. Cooper*, 134 F.3d 364, 1998 WL 29258, at *2 ("[S]eparate offenses may be joined . . . if the evidence supporting the separate counts overlaps so that the same evidence would be admissible at separate trials.").

### B.   Joinder is Appropriate Because the Offenses are Connected With or Constitute Parts of a Common Scheme or Plan

Defendants also argue that joinder of the tax and fraud Counts is inappropriate because these Counts are not "connected with [n]or constitute parts of a common scheme or plan." (ECF No. 58, at 6–9 (quoting Fed. R. Crim. P. 8(a)).) The Fourth Circuit, applying this prong of Rule 8(a), has determined that "a tax count is properly joined to other counts of an indictment if the other crimes generated the income on which the defendant evaded payment." *United States v. Blair*, 661 F.3d 755, 769 (4th Cir. 2011) (quoting *United States v. Oakey*, 853 F.2d 551, 554 (7th Cir. 1988)).

---

[1] Defendants also contend that "[t]here is nothing suggesting that proof of one set of charges would be admissible in a trial of the other set." (ECF No. 58, at 7.) Defendants assert that if the United States were to put on evidence of the tax Counts in a separate trial on the fraud Counts alone, the United States would violate Federal Rule of Evidence 404(a)(1)'s prohibition on "criminal propensity" evidence. (ECF No. 58, at 8–9 & n.6 (citing Fed. R. Evid. 404(a)(1)).) But as the United States correctly responds, evidence underlying the tax Counts would be admissible, despite Rule 404(a)(1), to prove Defendants' motive, intent, plan, knowledge, or absence of mistake. (ECF No. 62, at 10–11 (citing Fed. R. Evid. 404(b)(2)).)

Defendants assert that "[t]here is no indication that [the] government claims the PPP loan or [unemployment] proceeds the Colemans received constituted taxable income for 2020." (ECF No. 58, at 8.) Whether the proceeds of the alleged scheme are taxable is relevant to Defendants' Motion because, as the United States acknowledges, Defendants were only obligated to file a 2020 tax return if their gross taxable income reached a threshold of $24,800. (ECF No. 62, at 8.) That is, if Defendants faced no obligation to file a 2020 return, the tax Counts would not be properly joined to the other Counts because "the other crimes [did not] generate[] the income on which [D]efendant[s] evaded payment." *Blair*, 661 F.3d at 769.

In response, the United States contends that "[t]he fraud scheme generated taxable gross income for tax year 2020, which underpins the tax counts"; that this gross income exceeded the filing threshold; and, that because the fraud scheme generated "the income on which [D]efendant[s] evaded payment," joinder is proper. (ECF No. 62, at 8–9 (citing *Blair*, 661 F.3d at 769).) Defendants reply that the alleged proceeds of Defendants' scheme cannot constitute taxable income as a matter of law; according to Defendants, "loan proceeds are not income under 26 U.S.C. § 61 (defining income for tax purposes)," and a portion of Defendants' unemployment proceeds were exempt from taxation, such that Defendants' did not cross the 2020 filing threshold. (ECF No. 66, at 1–3.)

Neither party has fully briefed whether or not Defendants' alleged loan proceeds from the fraud scheme are appropriately considered taxable income. While the United States asserts that these proceeds should be considered taxable income, (ECF No. 62, at 8–9), Defendants are correct in their reply that the United States "cites no authority to support this assertion" and that the United States' assertion "is contrary to a long line of cases holding that loan proceeds are not income," (ECF No. 66, at 1 (citations omitted).) But Defendants ignore another line of cases

7

suggesting that, when an individual procures a loan by way of fraud, the loan proceeds may be considered taxable income. *See, e.g., James v. United States*, 366 U.S. 213, 219 (1961) (plurality opinion) ("When a taxpayer acquires earnings, lawfully or unlawfully, without the consensual recognition . . . of an obligation to repay and without restriction as to their disposition, he has received income which he is required to return.") (quotation omitted); *Kreimer v. Comm'r*, 47 T.C.M. 260, 1983 WL 14660 (1983) ("That a loan does not constitute income, however, does not mean that a taxpayer will be permitted to escape taxation by cloaking an unlawful or fraudulent scheme in the guise of a loan."); *Webb v. I.R.S.*, 15 F.3d 203, 206 (1st Cir. 1994) ("Since *James [v. United States]*, the mere fact that an embezzler originally acquired lawful access to monies in a fiduciary capacity [through a loan] does not foreclose their taxation in the year of the embezzlement.").

Defendants counter that "[a]s long as the Colemans had an obligation to repay the loans at issue here, they were not income, regardless of how the loan proceeds were spent." (ECF No. 66, at 2.) Defendants cite no authority for this proposition, and caselaw suggests that the opposite may be true. *See, e.g., O'Sheeran v. Comm'r*, 47 T.C.M. 405, 1983 WL 14690 ("Even if the funds received were initially regarded as loans, because the result of his activity was to obtain funds far exceeding his ability to repay his creditors, it can readily be inferred that he did not intend to repay them.").

Nor have the parties fully briefed whether or not Defendants' alleged unemployment proceeds from the fraud scheme are appropriately considered taxable income. The United States argues that the unemployment proceeds should be considered taxable, while Defendants assert that at least a portion of those proceeds would be considered tax exempt. (ECF No. 62, at 8–9; ECF No. 66, at 2.) Neither party has provided the Court with a sufficient factual or legal basis to

determine whether or not those proceeds are appropriately considered taxable. Nor have the parties discussed the caselaw cited by the Court above which suggests that income normally exempt from taxation may lose its tax-exempt status if an individual received that income through fraudulent means. *See, e.g., James*, 366 U.S. at 219.

Accordingly, the Court finds that, based on the United States' current showing,[2] joinder of the offenses is appropriate because "the [non-tax] crimes generated the income on which [D]efendant[s] evaded payment." *Blair*, 661 F.3d at 769.

### C. Joinder of the Offenses Does Not Create a Substantial Risk of Prejudice to Defendants

Finally, Defendants argue that even if joinder of the offenses is appropriate under Rule 8(a), the Court should nevertheless sever the offenses under Rule 14(a). (ECF No. 58, at 9–11.) According to Defendants, "[g]iven the radically different nature of the charges, there is an increased risk that a jury will cumulate the evidence . . . [and] conclude that because [the] Colemans are accused of committing PPP loan and [unemployment] fraud, they are predisposed to willfully fail to file tax returns." (ECF No. 58, at 10.) Defendants also assert that "[e]ither one of the Colemans may wish to testify about the efforts they respectively put forth with respect to the preparation and filing of their 2020 tax returns, while remaining silent as to the fraud charges." (ECF No. 58, at 10–11.)

The possibility of prejudice here is "greatly diminished by the substantial overlap of evidence." *Cooper*, 1998 WL 29258, at *3. As the United States has shown, "[i]f the Court were to sever the counts, the government would still seek admission of the same evidence at both trials: (1) evidence of falsified tax documents submitted to financial institutions; and (2) the

---

[2] As ordered below, the Court denies the Motion without prejudice.

non-filing of these same documents with the IRS." (ECF No. 62, at 7.) Moreover, the Court can address Defendants' concerns regarding the cumulation of evidence or their ability to testify through the use of (1) a limiting instruction informing the jury of its obligation to consider counts separately; and (2) a limiting instruction informing the jury of its obligation not to hold Defendants' right to remain silent against them. *See Blair*, 661 F.3d at 769 (noting that appropriate jury instruction "limit[ed] any chance of an improper spillover effect").[3]

The Court finds that no substantial risk of prejudice to Defendants exists through joinder of the offenses.

### IV. Conclusion

Joinder of the offenses is appropriate under Rule 8(a), and Defendants have not met their burden of showing a substantial risk of prejudice from joinder under Rule 14(a). Accordingly, the Court DENIES the Motion WITHOUT PREJUDICE.

It is SO ORDERED.

Date: 2/2/26  
Richmond, Virginia

/s/ M. Hannah Lauck  
Chief United States District Judge

---

[3] In *Blair*, the Fourth Circuit explained that the district court appropriately mitigated any prejudice from joinder through the following instruction:

> Each count charges the defendant with a different crime and you have to consider each count separately and return a separate verdict of guilty or not guilty for each. And whether you find the defendant guilty or not guilty as to one offense should not affect your verdict with regard to any other offense charged.

*Blair*, 661 F.3d at 769–70.